O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BANKS and CAROL CANTWELL, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>R.C. BIGELOW, INC., a corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No.  20-cv-6208 DDP (RAOx)<br><br>**ORDER DENYING IN PART, GRANTING IN PART, DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>[Dkt. 12] |

　　Presently before the court is Defendant's Motion to Dismiss the First Amended Complaint, or in the alternative, Motion to Strike First Amended Complaint.  (Dkt. 12.) Having considered the parties' submissions and heard oral argument, the court grants the motion in part, denies in part, and adopts the following Order.

**I.　　BACKGROUND**

　　Plaintiffs Kimberly Banks and Carol Cantwell (collectively, "Plaintiffs") bring this putative class action challenging Defendant's labeling of its tea products.  (*See* First Amended Complaint ("FAC"), Dkt. 10.)  Defendant is R.C. Bigelow, Inc. ("Defendant"), a

private corporation headquartered in Fairfield, Connecticut.  (*Id.* ¶ 13.)  Defendant's products at issue are tea products including, but not limited to, the following: Bigelow Earl Grey Black Tea, Bigelow English Teatime Black Tea, Bigelow Green Tea with Ginger, Bigelow Matcha Green with Turmeric, Bigelow Green Tea with Pomegranate, Bigelow Green Tea Decaffeinated, Bigelow "Constant Comment" Black Tea, and Bigelow Vanilla Chai Black Tea (collectively, "Products").  (*Id.* ¶ 15.)  Defendant's products are sold throughout the "United States and the State of California by third party retailers such as grocery chains and large retail outlets."  (*Id.* ¶ 16.)

Plaintiffs are residents and citizens of California who allege to have purchased boxes of Defendant's "Bigelow Earl Grey Black Tea, Bigelow Vanilla Chai Black Tea, Bigelow 'Constant Comment' Black Tea, and Bigelow Matcha Green Tea . . . ." (*Id.* ¶¶ 8, 9.)  In purchasing these products, Plaintiffs allege to have seen and relied on the statements printed on the product's packaging, "MANUFACTURED IN THE USA 100% AMERICAN FAMILY OWNED" and "AMERICA'S CLASSIC".  (*Id.* ¶¶ 8, 9.)  Plaintiffs allege that their belief that the Products were manufactured in the USA was "an important factor in [the] decision to purchase [the Products]."  (*Id.* ¶¶ 8, 9.)  Plaintiffs allege that they "would have paid less" for the Products, or "would not have purchased them at all had [they] known that [the Products] were not manufactured in the USA (i.e., that they were made solely from foreign sourced and processed tea)."  (*Id.* ¶¶ 8, 9.)  According to Plaintiffs, the tea leaves which comprise over 90% of the Products are "grown by tea plantations, and processed by tea processing plants, located in places such as Sri Lanka and India."  (*Id.* ¶ 18.)  Many of the "additional flavors or spices added to some of the Products, are also not from the United States."  (*Id.* ¶ 19.)

Plaintiffs allege that Defendant's "packaging of the Products is false and deceptive and likely to mislead reasonable consumers, including Plaintiffs and Class members, [to believe] that the Products are manufactured in the USA."  (*Id.* ¶ 31.)  Plaintiffs allege that "American consumers prefer, and are willing to pay more for, American-made

2

products." (*Id.* ¶ 40.) "Plaintiffs and other consumers would have paid less for the Products, or would not have purchased them at all, had they known that the Products were and are not manufactured in the USA." (*Id.* ¶ 42.) Plaintiffs allege that "Plaintiffs and other consumers purchasing the Products have suffered injury in fact and lost money as a result of Bigelow's false and deceptive practices . . . ." (*Id.*)

Based on the allegations above, Plaintiffs bring this putative class action alleging violations of (1) Cal. Bus. & Prof. Code § 17533.7; (2) California's Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.*; (3) California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; (4) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (5) Breach of Express Warranty, California Commercial Code § 2313; (6) Breach of Implied Warranty, California Commercial Code § 2314; (7) Intentional misrepresentation; (8) Negligent misrepresentation; and (9) Quasi contract/Unjust enrichment/Restitution. (*See* FAC.)

Defendant presently moves to dismiss all causes of action contending that Plaintiffs fail to state claims for relief and fail to plead with particularity the circumstances constituting fraud, or alternatively, to strike the First Amended Complaint. (Dkt. 12, MTD.) For the reasons set forth below, the court grants the motion in part and denies in part.

**II.     LEGAL STANDARD**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Conclusory allegations or

3

allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." *Id.* at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. *Id*. at 678 (citations and internal quotation marks omitted).

## III.     DISCUSSION

### A. Sufficiency of Plaintiffs' Causes of Action under the UCL, FAL, and CLRA

Defendant argues that Plaintiffs' causes of action under the UCL, FAL, and CLRA fail for three reasons: (1) Plaintiffs' theory of liability is implausible because no reasonable consumer would be deceived by the statements "America's Classic" and "Manufactured in the USA 100% Family Owned"; (2) the challenged statements are nonactionable puffery; and (3) the challenged statements are true statements. (*See* MTD.)

The UCL prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "The false advertising law prohibits any 'unfair, deceptive, untrue, or misleading advertising.'" *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citing Cal. Bus. & Prof. Code § 17500). The FAL prohibits advertising that is false and advertising that "although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public*.*" *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002), as modified (May 22, 2002) (citation omitted). "[A]ny violation of the false advertising law . . . necessarily violates the [UCL]." *Id.* at 950. Similarly, "California's Consumer Legal Remedies Act ('CLRA') prohibits 'unfair methods of competition and unfair or deceptive acts or practices.'" *Williams*, 552 F.3d at 938 (quoting Cal. Civ. Code § 1770).

To state a cause of action under California's consumer protection statutes, Plaintiffs must plausibly allege that "reasonable consumers" are likely to be deceived by the advertising. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016). "This requires more than a mere possibility that [the representation] 'might conceivably be misunderstood by

4

some few consumers viewing it in an unreasonable manner.'" *Id.* (quoting *Lavie v. Proctor & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)). The "reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* (internal quotation and citation omitted). However, generally whether a "business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Williams*, 552 F.3d at 938-39.

The Products at issue here are sold in similar rectangular boxes with identical alleged deceptive representations. (FAC ¶ 34.) The top front of the packaging has the statement "America's Classic" printed in all caps. (*Id.*) The word "Bigelow" is in bold large font centered between the words "America's" and "Classic". (*Id.*) Although the statement "America's Classic" is in smaller font, its placement at the top, with the large bold "Bigelow" between the two words, "America's" and "Classic," can plausibly have the effect of drawing a reasonable consumer's attention to the statement. (*Id.*) Further, on the back of the packaging, styled as a stamp, are the statements "Manufactured in the USA," "100%," and "American Family Owned." (*Id.*) The "100%" is larger than the other two statements. (*Id.*) The statement "Manufactured in the USA," is above the large "100%" and the statement "American Family Owned" is below the large "100%". (*Id.*) In context, a reasonable consumer viewing these statements together could likely be deceived into believing that the Products are 100% manufactured in the USA and 100% family owned. In other words, as presented on the package, it is plausible that reasonable consumers would believe that the "100%" modifies "Manufactured in the USA" and "American Family Owned." Collectively, the representations "America's Classic", "Manufactured in the USA," "100%," and "American Family Owned" contribute to the alleged deceptive impression that the Products are manufactured in the United States. According to Plaintiffs, this representation is false because "none of the Products contain any tea that was grown or processed in the United States." (*Id.* ¶¶ 17-

5

30.) Plaintiffs further allege that the additional flavors or spices used in the Products also "do not come from the United States [ ]." (*Id.* ¶ 19.) Accepting the allegations as true, Plaintiffs' have plausibly alleged that the representations are likely to deceive reasonable consumers.

At this stage, the court declines to review the statements in isolation to determine whether the single statement "America's Classic" is nonactionable puffery. "[E]ven statements that 'might be innocuous "puffery" or mere statement of opinion standing alone may be actionable as an integral part of a representation of material fact when used to emphasize and induce reliance upon such a representation.'" *Coffelt v. Kroger Co.*, 2017 WL 10543343, *5 (C.D. Cal. Jan. 27, 2017) (quoting *Casella v. Webb*, 883 F.2d 805, 808 (9th Cir. 1989)). The statement "America's Classic" contributes to alleged deceptive packaging as a whole. *See Williams*, 552 F.3d at 939 n.3 (holding that the word "nutritious" "could arguably constitute puffery, . . . [t]his statement certainly contributes, however, to the deceptive context of the packaging as a whole."). Therefore, the court declines to dismiss or strike Plaintiffs' claims based on "America's Classic."

Lastly, whether the statements "Manufactured in the USA" and "100% American Family Owned" are truthful statements, as Defendant argues, is not an appropriate consideration at the pleading stage. Plaintiffs have alleged that the Products are not manufactured in the United States. (*Id.* ¶¶ 17-30.) Further, "100% American Family Owned" also contributes to the alleged deceptive packaging as a whole. The court declines to consider this single representation in isolation. Therefore, the court declines to strike claims based on the representations "Manufactured in the USA" and "100% American Family Owned."

The court concludes that Plaintiffs' have plausibly alleged causes of action under the UCL, FAL, and CLRA.

///

///

### B. California's *Made in the USA* Statute

Defendant challenges Plaintiffs' claims under Section 17533.7 arguing, first, that "Manufactured in the USA 100% American Family Owned" are true statements. Second, that the Products' labels do not state that the Products were "made" in the United States and that the statement is qualifying in and of itself. And third, that the packaging contains a qualifying statement on the side panel. (MTD at 10-11.)

Section 17533.7 provides, in part, as follows:

> It is unlawful for any person, firm, corporation, or association to sell or offer for sale in this state any merchandise on which merchandise or on its container there appears the words "Made in U.S.A.," "Made in America," "U.S.A.," *or similar words* if the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States.

Cal. Bus. & Prof. Code § 17533.7 (emphasis added). "The plain meaning of 'made' is 'artificially produced by a manufacturing process.' [ ] 'Manufacture' means 'something made from raw materials by hand or machinery.' . . . These terms describe the physical process of transforming raw materials into goods." *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 685 (2006), as modified on denial of reh'g (Jan. 31, 2006). "[O]ne would not violate the statute by making, manufacturing, or producing merchandise solely in the United States even though using *raw materials* acquired from a foreign source." *Benson v. Kwikset Corp.*, 152 Cal. App. 4th 1254, 1271-72 (2007), as modified on denial of reh'g (July 26, 2007).

As to Defendant's first argument, as discussed above, at the pleading stage, the court must accept the allegations as true. Plaintiffs allege that the raw materials used to make the Products are wholly processed outside of the United States. (FAC ¶¶ 17-30.) In other words, Plaintiffs allege that the manufacturing using raw materials occurs solely outside of the United States. Whether the manufacturing using raw materials occurs

7

outside the United States or within the United States is a question of fact that cannot be resolved at this stage.  Second, Defendant has not cited to any authority for the proposition that the term "manufactured" is not within the ambit of Section 17533.7 simply because it is not the same as the word "made."  Indeed, the statute prohibits the use of the words "'Made in U.S.A.,' 'Made in America,' 'U.S.A.,' *or similar words*" if the product "has been entirely or substantially made, manufactured, or produced outside of the United States."  Cal. Bus. & Prof. Code § 17533.7 (emphasis added).  The statute prohibits words other than "made" so long as those words are "similar".  Because Section 17533.7 treats the terms "made" and "manufacture" similarly—these terms describe the physical process of transforming raw materials into goods—the court rejects Defendant's argument that "Manufactured in the USA" is outside of Section 17533.7's prohibition and that the word "manufactured" is qualifying in and of itself.  *See Colgan*, 135 Cal. App. at 685 ("The plain meaning of 'made' is 'artificially produced by a manufacturing process.' [ ] 'Manufacture' means 'something made from raw materials by hand or machinery.' . . . These terms describe the physical process of transforming raw materials into goods."). Plaintiffs have plausibly alleged that Defendant processes the raw materials used for the Products solely outside of the United States.  (FAC ¶¶ 17-30.)  The allegations are sufficient to raise a cause of action under Section 17533.7.

       Third, the court declines to find that the statement that appears on the side of the packaging in small font, "Blended and Packaged in the U.S.A.," is a sufficiently qualifying statement precluding a cause of action under Section 17533.7.  As discussed in detail above, the packaging as a whole could plausibly mislead a reasonable consumer to believe that the manufacturing, including processing of raw materials, is conducted in the United States.  The court fails to see how this overall impression could be dispelled by the significantly smaller font statement on the side panel, "Blended and Packaged in the U.S.A.".

8

The court concludes that Plaintiffs' theory of liability under Section 17533.7 is sufficiently pled.

### C. Misrepresentation claims

Defendant argues next that Plaintiffs have failed to plead the misrepresentation claims with specificity as required under Rule 9(b). (MTD at 18-19.) According to Defendant, Plaintiffs have not pled the "time, place, and specific content of the false representations . . . ." (*Id.* at 19.) "Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)).

Here, Plaintiffs have sufficiently pled the misrepresentation claims with specificity providing Defendant with adequate notice of the charge. Plaintiffs allege that Defendant has, through its packaging of the Products, deceptively represented that the Products are manufactured in the USA. (FAC ¶¶ 31-36). Plaintiffs have identified the statements which they allege are deceptive, the Products on which these statements are found, and where and when Plaintiffs purchased the Products. (*See* FAC ¶¶ 8-9.) Further, Plaintiffs have sufficiently pleaded how Plaintiffs were allegedly deceived—the statements give the deceptive impression that the Products were manufactured in the USA that based on these statements, Plaintiffs were induced to pay more for the Products than they otherwise would have paid. (FAC ¶¶ 8-9, 31-42.) Therefore, Plaintiffs have alleged the

"particular circumstances" surrounding the representations. *See Kearns*, 567 F.3d at 1126.[1]

### D. Motion to Dismiss Claims related to Equitable Relief

Based on the Ninth Circuit's recent decision in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), Defendant moves to dismiss Plaintiffs' claims for equitable relief under the CLRA, UCL, and FAL because Plaintiffs have not alleged that they lack an adequate remedy at law. (MTD at 14.) In *Sonner*, the Ninth Circuit held that a plaintiff "must establish she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Sonner*, 971 F.3d at 841. District courts cases following *Sonner* have dismissed equitable claims for failure to allege an inadequate remedy at law. *See Zaback v. Kellogg Sales Co.*, No. 320CV00268BENMSB, 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020); *In re MacBook Keyboard Litigation*, Case No. 18-CV-2813-EJD, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020); *Krommenhock v. Post Foods, LLC*, Case No. 16-CV-4958-WHO, 2020 WL 6074107, at *1 (N.D. Cal. Sep. 29, 2020); *Gibson v. Jaguar Land Rover N. Am., LLC*, Case No. 20-CV-769-CJC, 2020 WL 5492990, at *3 (C.D. Cal. Sep. 9, 2020).

Plaintiffs do not appear to dispute that where there is an adequate remedy at law, Plaintiffs cannot seek equitable relief. (Opp. at 20-21.) Instead, Plaintiffs argue that they have pled that a legal remedy "alone is inadequate for Plaintiffs to obtain complete relief as Plaintiffs and consumers will suffer irreparable injury in the future, i.e. after damages are awarded, in the absence of equitable relief." (Opp. at 20-21 (citing (FAC ¶¶ 10-12).)

---

[1] Defendant also argues that Plaintiffs cannot state a claim for negligent representation because "the economic loss doctrine acts as a bar to claims for negligence . . . ." (MTD at 19.) The court disagrees. The bar does not apply to claims for negligent representation because "California law classifies negligent misrepresentation as a species of fraud for which economic loss is recoverable." *Zakaria v. Gerber Prod. Co.*, 2015 WL 3827654, * 11 (C.D. Cal. June 18, 2015) (internal citations omitted).

10

Plaintiffs allege that they "may purchase Bigelow tea products in the future" and "are susceptible to reoccurring harm."  (FAC ¶¶ 10, 11.)  However, Plaintiffs have failed to plausibly allege that a legal remedy for such future harm would be inadequate.  *See In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2020 WL 6047253, at *1 (N.D. Cal. Oct. 13, 2020) (explaining that plaintiffs "do not explain why consumers could not sufficiently be 'made whole' by monetary damages.").  Under *Sonner*, Plaintiffs cannot seek equitable relief absent plausible allegations that they lack an inadequate legal remedy.  Therefore, Plaintiffs' equitable claims under the UCL, FAL, and unjust enrichment and request for equitable relief are dismissed without leave to amend.

### E. Express and Implied Warranty

Defendant next challenges the sufficiency of Plaintiffs' claims for breach of express and implied warranty.  "To prevail on a breach of express warranty claim under California law, a plaintiff must prove that: (1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached."  *In re ConAgra Foods, Inc.*, 90 F.Supp.3d 919, 984 (C.D. Cal. 2015); *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227 (2010).  "Product advertisements, brochures, or packaging can serve to create part of an express warranty."  *Id.* at 985 (quoting *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.*, 754 F.Supp.2d 1145, 1183 (C.D. Cal. 2010)).  Plaintiffs have sufficiently alleged a breach of express warranty claim.  Plaintiffs allege that the representations "America's Classic" and "Manufactured in the USA 100% Family Owned" are affirmations of fact or promises that the Products were made in the USA.  (FAC ¶ 103.)  As discussed in detail above, the court concludes that the packaging as a whole, and the statements viewed in context, are plausibly affirmations or promises that the Products were manufactured in United States.  Plaintiffs allege to have relied on the representations which formed the basis of the bargain to purchase the Products and that Defendant breached the express warranty by failing to manufacture the Products in the

11

USA.  (*Id.* ¶¶ 106-08.)  The allegations sufficiently raise a claim for relief for breach of express warranty claim.

Similarly, Plaintiffs have also sufficiently pleaded the breach of implied warranty claim.  California Commercial Code § 2314 provides, in part, that "[g]oods to be merchantable must be at least such as . . . [c]onform to the promises or affirmations of fact made on the container or label if any."  Cal. Com. Code § 2314(2)(f).  Plaintiffs allege that Defendant "made an implied promise that the Products were manufactured in the USA."  (*Id.* ¶ 114.)  Plaintiffs further allege that, because Defendant does not manufacture the Products in the USA, the Products do not "conform to the promises . . . made on the container or label."  (*Id.* ¶ 115.)  The allegations plausibly raise a claim for breach of implied warranty.

**F.  Standing**

Lastly, Defendant argues that Plaintiffs "cannot be allowed to extend their claims beyond challenging the products they allegedly purchased . . . or those teas identified in the Complaint with the same three statements Plaintiffs challenge."  (MTD at 24.)  Plaintiffs challenge "all Bigelow tea products which have packaging that represent they are manufactured in the USA . . ."  (FAC ¶ 15.)  The parties do not appear to dispute that Plaintiffs have standing to challenge products which are "substantially similar."  *See, e.g.*, *In re 5-Hour ENERGY Mktg. & Sales Practices Litig.*, 2014 WL 5311272, *7 (C.D. Cal. Sept. 4, 2014) (the "prevailing view in the Ninth Circuit is that class action plaintiffs can bring claims for products they didn't purchase as long as the products and alleged misrepresentations are substantially similar." (internal quotations and citations omitted)).

At the pleading stage, Plaintiffs have identified the products which they challenge and plausibly allege that the products are substantially similar—the products are all tea products, all contain identical alleged misrepresentations, and the theory of liability for all products is the same.  To the extent that Defendant seeks to limit the scope of the products based on material differences, Defendant may raise this issue at the class

12

certification stage. *See e.g.*, *Kosta v. Del Monte Corp.*, 2013 WL 2147413, * 15 (N.D. Cal. May 15, 2013) (explaining that "[w]here the allegations indicate sufficient similarity between the products, any concerns regarding material differences in the products can be addressed at the class certification stage.").

## IV. CONCLUSION

The motion to dismiss is granted in part, denied in part. The court dismisses Plaintiffs' equitable claims and requests for equitable relief without leave to amend.

**IT IS SO ORDERED.**

Dated: May 3, 2021

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE

13