**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
Todd M. Schneider (SBN 158253)
Peter B. Schneider (Admitted *Pro Hac Vice*)
Jason H. Kim (SBN 220279)
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
Email:  tschneider@schneiderwallace.com
         pschneider@schneiderwallace.com
         jkim@schneiderwallace.com

**THE WAND LAW FIRM, P.C.**
Aubry Wand (SBN 281207)
100 Oceangate, Suite 1200
Long Beach, CA 90230
Telephone: (310) 590-4503
Email: awand@wandlawfirm.com

*Attorneys for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| KIMBERLY BANKS and CAROL CANTWELL, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>R.C. BIGELOW, INC., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:20-cv-06208-DDP (RAOx)<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT WITH INTEREST**<br><br>Date:  June 2, 2025<br>Time:  10:00 a.m.<br>Place: Courtroom 9C<br>         350 W 1st Street<br>         Los Angeles, CA 90012 |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. iii

I.    EXPRESS WARRANTY CLAIMS ARE CONTRACT CLAIMS ................ 2

II.   THE COURT SHOULD AWARD PREJUDGMENT INTEREST ................ 3

    A.  Sufficient Time Has Passed from Complaint to Judgment ....................... 3

    B.  An Award of Prejudgment Interest Will Not Penalize Bigelow ............... 5

    C.  Plaintiffs Made Settlement Offers ............................................................ 7

III.  CONCLUSION ................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*AC TA, A Member of the All., Inc. v. Rhythm Pharms., Inc.*,
  No. 2:22-CV-01127-CAS, 2024 WL 4216415 (C.D. Cal. Sep. 16, 2024) .......... 4, 6

*Ardesani v. BMW of North America LLC*,
  No. 8:17-cv-00721-JDE, 2019 WL 2098351 (C.D. Cal. May 13, 2019) ................ 4

*A&M Produce Co. v. FMC Corp.*,
  135 Cal. App. 3d 473 (1982) ................................................................... 2, 3, 4, 7

*Balt. Aircoil Co., Inc. v. Solitaire Overseas*,
  No. 1:22-cv-00952-KES, 2024 WL 1598885 (E.D. Cal. Apr. 11, 2024) ................ 3

*Cathay Logistics v. Gerber Plumbing Fixtures*,
  No. 2:15-cv-02926-ODW, 2017 WL 11631607 (C.D. Cal. July 20, 2017) .... 5, 7, 9

*Dagher v. Ford Motor Co.*,
  238 Cal. App. 4th 905 (2015) ................................................................................ 2

*Gourley v. State Farm Mut. Auto. Ins. Co.*,
  53 Cal.3d 121 (1991) ............................................................................................ 3

*Hewlett-Packard Co. v. Oracle Corp.*,
  65 Cal. App. 5th 506 (2021) .............................................................................. 5, 6

*OWLink Tech. Inc. v. Cypress Tech. Co.*,
  No. 8:21-cv-00717-SPG, 2023 WL 12035978 (C.D. Cal. Aug. 18, 2023) ............. 4

*Ryman v. Sears, Roebuck and Co.*,
  505 F.3d 993 (9th Cir. 2007) ................................................................................ 3

*Sager v. USAA Cas. Ins. Co.*,
  No. CV 12–1015–FMO, 2014 WL 12594137 (C.D. Cal. Mar. 31, 2014) .............. 1

*Workplace Techs. Rsch., Inc. v. Project Mgmt. Inst., Inc.*,
  664 F. Supp. 3d 1142 (S.D. Cal. 2023) ................................................................. 5

*Zomorodian v. BMW of N. Am., LLC*,
  CV 17-5061-DMG, 2019 WL 6534513 (C.D. Cal. July 23, 2019) ................ 2, 4, 7

**Statutes**

Cal. Com. Code § 2313 ............................................................................................... 3

Cal. Civ. Code § 3287 ........................................................................................ passim

Cal. Civ. Code § 3289 ................................................................................................. 1

In the pending motion for entry of judgment with interest, Plaintiffs respectfully request that the Court: (1) promptly enter judgment, (2) award $983,062 in prejudgment interest for a total Judgment of $3,343,806 (exclusive of post-judgment interest, attorneys' fees, costs, and class representative service awards), and (3) order that post-judgment interest begin to accrue from the date of entry of the Judgment. *See* "Mot." (ECF No. 271-1).

In its opposition, Defendant R.C. Bigelow, Inc. ("Bigelow") opposes only Plaintiffs' request for prejudgment interest (in its entirety). *See* "Opp." (ECF No. 272). Conversely, Bigelow does not oppose the prompt entry of judgment or the award of post-judgment interest. Nor does Bigelow oppose the amount of prejudgment interest, as calculated by Colin Weir, consistent with Cal. Civ. Code §§ 3287(b) and 3289(b). *See* Mot. at 4 (citing Weir Decl. ¶¶ 2-8). Bigelow has waived any arguments against this relief by not opposing it. *Sager v. USAA Cas. Ins. Co.*, No. CV 12–1015–FMO (MLGx), 2014 WL 12594137, at *4 (C.D. Cal. Mar. 31, 2014) ("It is axiomatic that 'every brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.'"). Accordingly, if the Court decides to award prejudgment interest, it should be in the amount of $983,062.

Plaintiffs confirm that they are not seeking prejudgment interest under Cal. Civ. Code § 3287(a), so the Court need not address Bigelow's argument on this point, as set forth in section II.A.2 of its brief. Thus, the only disputed issue before the Court is whether to award prejudgment interest under Cal. Civ. Code § 3287(b).

For the reasons explained in Plaintiffs' opening brief, and explained further below, a breach of express warranty claim is a contract claim for the purpose of deciding whether to award prejudgment interest under Civil Code section 3287(b), and each of the three factors relevant to Court's discretionary analysis support an award of prejudgment interest based on the facts and circumstances of this case.

## I.     <u>EXPRESS WARRANTY CLAIMS ARE CONTRACT CLAIMS</u>

A claim for breach of express warranty is a contract claim. Mot. at 2 (citing *Dagher v. Ford Motor Co.*, 238 Cal. App. 4th 905, 928 (2015)). There is no reason to treat express warranty claims differently in the context of prejudgment interest under Civil Code section 3287(b), and Bigelow makes no persuasive argument to the contrary.

Bigelow does not (and cannot) argue that California express warranty claims are not contract claims under Cal. Civ. Code § 3287(b). Its only contention is that "'California courts have not squarely decided whether' **warranty claims** 'qualify as contract actions under Section 3287(b)[.]'" Opp. at 4 (emphasis added) (citing *Zomorodian v. BMW of N. Am., LLC*, CV 17-5061-DMG, 2019 WL 6534513, at \*10 (C.D. Cal. July 23, 2019)). This is wrong. Bigelow omitted the quotations around the phrase "claims under the Song-Beverly Act" from *Zomorodian* and replaced it with "warranty claims" to make this faulty suggestion. The actual quote reads:

> California courts have not squarely decided whether **claims under the Song-Beverly Act** qualify as contract actions under section 3287(b), but two decisions have come close.

*Zomorodian*, 2019 WL 6534513, at \*10 (emphasis added). This is not just a matter of terminology. In deciding whether prejudgment interest should be awarded under the Song-Beverly Act, immediately below Bigelow's quotation, the *Zomorodian* court discussed *A&M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 497 (1982), where the California Court of Appeal "awarded prejudgment interest under **section 3287(b)** based on causes of action for **breach of express and implied warranties**." *Id.* (emphasis added).

Thus, California courts have squarely decided that interest can be awarded under Civil Code section 3287(b) for breach of express warranty claims under California law. Federal district courts must follow relevant decisions by state intermediate appellate courts on state law unless there is "convincing evidence that

the state's supreme court likely would not follow it." *Ryman v. Sears, Roebuck and Co.*, 505 F.3d 993, 994 (9th Cir. 2007). There is no evidence the California Supreme would differ from *A&M Produce Co.*, as Bigelow itself relies on this case, and all or nearly all California state and federal courts engaging in the discretionary analysis apply the *A&M Produce Co.* factors. In any event, federal courts have similarly awarded prejudgment interest under Civil Code section 3287(b) for breach of express warranty claims. *See*, *e.g.*, *Balt. Aircoil Co., Inc. v. Solitaire Overseas*, No. 1:22-cv-00952-KES, 2024 WL 1598885, at *4-5, 7 (E.D. Cal. Apr. 11, 2024) (awarding prejudgment interest for breach of express warranty under Cal. Com. Code § 2313). *See also* First Amended Complaint (ECF No. 11) ¶ 102 (alleging cause of action for breach of express warranty under Cal. Com. Code § 2313).

## II. THE COURT SHOULD AWARD PREJUDGMENT INTEREST

Bigelow agrees that courts may award prejudgment interest under Civil Code section 3287(b) based on an analysis of the following critera: (1) the time between the lawsuit's filing and the judgment; (2) whether awarding interest will penalize the defendant for litigating a bona fide dispute or will instead appropriately recognize that the plaintiff incurred an additional amount of damage as a result of the breach; and (3) whether the plaintiff made settlement offers, such that a defendant's refusal to settle placed the prejudgment interest amount at risk. Opp. at 4-5. Each of these factors militates in favor of an award of prejudgment interest. To the extent there is any doubt, the Court should award prejudgment interest. *Gourley v. State Farm Mut. Auto. Ins. Co.*, 53 Cal.3d 121, 132 (1991) ("It has long been settled that section 3287 should be broadly interpreted to provide just compensation to the injured party for loss of use of money during the prejudgment period.").

### A. Sufficient Time Has Passed from Complaint to Judgment

This case has been litigated for nearly five years. *See* ECF No. 1 (complaint filed July 13, 2020); *cf.* ECF No. 264 (verdict rendered April 8, 2025). By the time any judgment is entered it will be even closer to five years. Thus, the situation is

more similar to *A&M Produce Co.*, where litigation spanning approximately seven years satisfied this factor, than the cases Bigelow cites, all of which involved litigation of 2.5 years or less, where this factor was not satisfied.

To fit the timeline of this case to meet its authority, Bigelow contends that this case was only in "active litigation" for 26 months. However, the factor only contemplates the time "between the complaint and judgment," and it makes no distinction between active and inactive litigation. Bigelow offers no authority in support of its proposition. To the contrary, the courts in the cases Bigelow cites considered the time from the complaint's filing to judgment. *See OWLink Tech. Inc. v. Cypress Tech. Co.*, No. 8:21-cv-00717-SPG, 2023 WL 12035978, at *2 (C.D. Cal. Aug. 18, 2023) (approximately 30 months from complaint-to-judgment);[1] *AC TA, A Member of the All., Inc. v. Rhythm Pharms., Inc.*, No. 2:22-CV-01127-CAS, 2024 WL 4216415, at *14 (C.D. Cal. Sep. 16, 2024) ("*AC TA*") (29 months from complaint-to-judgment); *Ardesani v. BMW of North America LLC*, No. 8:17-cv-00721-JDE, 2019 WL 2098351, at *8 (C.D. Cal. May 13, 2019) (23 months from complaint-to-judgment); *Zomorodian*, 2019 WL 6534513, at *10 (20 months from complaint-to-judgment).

Nor would it be logically or practically feasible for the Court to delve into an analysis of what constitutes active litigation (there was never a formal stay in this case), as Bigelow frames it. Bigelow breaks the case down into three stages: (1) motion to dismiss to motion for class certification, (2) motion for class certification to motions for summary judgment, and (3) the first pretrial conference to trial. Opp. at 5. It then argues the Court should write off everything that happened in between, including most notably the Court's time and dedication to ruling on these motions, not to mention discovery, a litany of Bigelow's motions (e.g., motion for reconsideration, motion for decertification, motions *in limine*), and all the other work

---

[1] This case also involved an international dispute that mitigated any delay. *Id.*

that was performed continuously over the course of this case. The record is clear that Bigelow has aggressively litigated this case every step of the way for over five years, which is long enough to warrant prejudgment interest.

### B. An Award of Prejudgment Interest Will Not Penalize Bigelow

Prejudgment interest impermissibly "penalize[s]" a defendant when it is awarded despite a bona fide dispute. *Cathay Logistics v. Gerber Plumbing Fixtures*, No. 2:15-cv-02926-ODW, 2017 WL 11631607, at *2 (C.D. Cal. July 20, 2017). But when evidence of liability is "firmly showed" at trial, there is no bona fide dispute. *Id.* at *3. If there was a case to find the lack of a bona fide dispute, this is it, as the Court found Bigelow liable for making a false and material statement as a matter of law. Thus, *Workplace Techs. Rsch., Inc. v. Project Mgmt. Inst., Inc.*, 664 F. Supp. 3d 1142, 1157-58 (S.D. Cal. 2023) is distinguishable. There, the court found a bona fide dispute existed at least in part because the plaintiff also breached its duties. Here, Plaintiffs owed no duties to Bigelow, and the Court granted summary judgment in Plaintiffs' favor on Bigelow's liability, and it denied Bigelow's motion for summary judgment in its entirety. *See* ECF No. 129 (Summary Judgment Order).

Bigelow's argument that an award of prejudgment amounts to a penalty because it would "fill the approximately $1 million gap between" the damages Plaintiffs sought and what jury awarded, fares no better. Opp. at 6. The Court need not look beyond its decisive finding of Bigelow's liability. In support of its argument, Bigelow cites *Hewlett-Packard Co. v. Oracle Corp.*, 65 Cal. App. 5th 506 (2021), but there, the court recognized the inherent contradiction (or least tension) between the statutory authorization of prejudgment interest where damages are unliquidated (i.e., definitionally uncertain) and the proposition that a dispute about damages could preclude such an award:

> Given the intent of section 3287(b) to enable trial courts to award prejudgment interest despite the uncertain amount owed on a contract claim for unliquidated damages, it would appear contrary to the statutory scheme for the trial court to

refuse prejudgment interest for the sole reason that the amount of damages was highly uncertain.

*Hewlett-Packard Co.*, 65 Cal. App. 5th at 576. Ultimately, the California Court of Appeal affirmed the trial court's decision not to award prejudgment interest due to its "nuanced assessment," which involved a more complex damages dispute (billions of dollars based on contractual relationship between large tech companies), and various legal, technical, and procedural issues not present here. The takeaway from *Hewlett-Packard Co.* is that it is questionable whether disputes about damages—as opposed to disputes about liability—should play a role in a court's discretionary analysis, and to the extent they do, the court is vested with considerable discretion to award prejudgment interest based on the facts of the case.

Similarly, although the *AC TA* court found there was a bona fide dispute over damages, it declined to award prejudgment interest on the grounds that the other two factors (length of time and settlement offers) were not satisfied. *AC TA*, 2024 WL 4216415, at *14. In other words, because none of the three factors supported prejudgment interest, it is difficult to ascertain how important this factor was to the court's decision. *AC TA* is also distinguishable because the plaintiffs recovered only "one-half" of their requested damages, *see id*. at *8, whereas here Plaintiffs recovered 72% of their requested damages. In short, none of the relevant authority stands for the proposition that courts should engage in the type of subjective micro-analysis—e.g., parsing active versus inactive litigation, the specific percentage of a damage award recovered, or as discussed *infra*, what constitutes a "compelling settlement offer"—that Bigelow advocates.

On balance, the fact that the Court found Bigelow liable for Plaintiffs' claims as a matter of law, and the jury awarded Plaintiffs most of their requested damages, demonstrates that Bigelow will not be unfairly penalized for litigating a bona fide dispute, should the Court award prejudgment interest.

### C. Plaintiffs Made Settlement Offers

Bigelow argues that it did not place prejudgment interest at risk because "Plaintiffs provide no evidence, and indeed make no argument, that they made such compelling settlement offers." Opp. at 7. As an initial matter, the phrase "such compelling settlement offers" is another wishful standard advanced by Bigelow. The relevant test is whether a plaintiff makes a settlement offer such that the defendant had a reasonable opportunity to settle the case.[2]

The actual quote from Bigelow's citation is: "whether the plaintiff made ***settlement offers such that*** the defendant's refusal to settle could be construed as 'placing the prejudgment interest amount at risk.'" *Zomorodian*, 2019 WL 6534513, at *3-4 (citing *A&M Produce Co.*, 135 Cal. App. 3d at 497) (emphasis added). Despite this, Bigelow argues: "the Court should look to the parties' settlement behavior and see whether Plaintiff made settlement offers ***of such a nature***…" Opp. at 7. Bigelow again mis-cites a case by adding the phrase "of such a nature" to suggest that courts must assess the reasonableness of a settlement offer. This is not a requirement; phrasing aside, Plaintiffs are unaware of a case where a court analyzed a settlement demand relative to the judgment to assess whether it was "compelling" under Civil Code section 3287(b).

While Plaintiffs did not provide specific settlement numbers in their opening brief, the record is clear that this standard is met. At the October 11, 2024 hearing, Plaintiffs' counsel provided the Court with the following information regarding their settlement efforts:

> THE COURT: Was there a settlement process, in which demands and proposals were exchanged?
>
> MR. WAND: Your Honor, I believe several years ago, we had participated in a court-mandated settlement conference. And then subsequent to that, after class

---

[2] This factor has also been described as "whether the defendant refused a definite demand for settlement at the outset." *Cathay Logistics*, 2017 WL 11631607, at *2.

> certification, we engaged in a private mediation. Obviously, both of those efforts were unsuccessful. So that's the prior ADR history.
>
> THE COURT: Okay. And was an offer extended?
>
> MR. WAND: Yes, Your Honor.
>
> THE COURT: Was there a counteroffer made?
>
> MR. WAND: Well, it was – I'm not sure there was.
>
> THE COURT: Okay. I'm just trying to be practical. And you don't have to settle. We can be in this courtroom and do our thing but... Okay.
>
> MR. WAND: Without getting into the numbers, my recollection was that we made some progress on the general terms of a potential settlement but...

Oct. 11, 2024 Hearing Transcript (ECF No. 200-2) at 7:15-8:1-13.

Plaintiffs' counsel unequivocally informed the Court that they wanted to continue to try to settle the case with the Court's assistance, or by any other method at Bigelow's choosing:

> THE COURT: So in terms of proceeding, I guess the first question that came to mind after reading a lot of the conflicting issues is, I always look for a way out, which is, you know, have you exhausted any likelihood of trying to settle the case. You know, I say that based on, you know, doing this for over 25 years. And the fact that however these hearings turn out, however the trial turns out, there's going to be appeals. And there's some, you know, somewhat complex issues. So is there any light in that at all? Yes.
>
> MR. SCHNEIDER: Your Honor, plaintiffs are always willing to discuss settlement. And defendant is also willing [*sic*]. We're happy to do so in any form that they choose.

*Id.* at 7:1-14. Bigelow's counsel confirmed that it had made no further settlement efforts and did indicate no interest in doing so:

> THE COURT: Okay, okay. There's nothing current that is -- currently that is being discussed at all?

-8-
REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT WITH INTEREST

MR. BRANSON: No, Your Honor.

Oct. 11, 2024 Hearing Transcript at 7:15-18. At the conclusion of the hearing, the Court reiterated to Bigelow's counsel:

> THE COURT: And I really would like to try to help you settle this case, because I settle a lot of cases. And I know working on -- I have a sense of maybe how this case could get settled, but -- so would you think about that?

*Id.* at 76:5-8. The next day, Bigelow rejected the Court's gracious offer to help the parties settle the matter. ECF No. 270-3. This case then proceeded to trial.

In sum, Plaintiffs made settlement offers, the parties participated in two mediation sessions, and Bigelow rejected the Court's offer to try to settle this matter before trial. This sufficiently demonstrates that Bigelow had an opportunity to settle this case (Bigelow continues to rebuff settlement talks to this day), and for the Court to conclude that this factor supports prejudgment interest, as the *Cathay Logistics* court recognized:

> [W]hile the parties have not fully fleshed out the settlement history in this case, it is sufficient to note that there were at least two settlement conferences in this matter, thus giving Logistics Team more than sufficient opportunity to resolve this case short of trial. In sum, the Court sees no inequity in awarding prejudgment interest to Gerber.

2017 WL 11631607, at *3. Lastly, although Bigelow has apparently waived any settlement privilege that may have existed by criticizing Plaintiffs for not providing more evidence, out of an abundance caution, Plaintiffs are not disclosing specific numbers, nor does the law require it. However, if the Court would like this information, Plaintiffs are willing and able to provide it.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion in its entirety.

| | |
|---|---|
| DATED: May 19, 2025 | Respectfully submitted, |
| | **THE WAND LAW FIRM, P.C.** |
| | By: /s/ Aubry Wand |
| | Aubry Wand |
| | **SCHNEIDER WALLACE COTTRELL KONECKY LLP** |
| | Todd M. Schneider |
| | Peter B. Schneider |
| | Jason H. Kim |
| | *Attorneys for Plaintiffs and the Class* |

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 2,951 words, which complies with the word limit of L.R. 11-6.1.

| | |
|---|---|
| DATED: May 19, 2025 | **THE WAND LAW FIRM, P.C.** |
| | By: /s/ Aubry Wand |
| | Aubry Wand |