O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BANKS and CAROL CANTWELL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>R.C. BIGELOW, INC., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-06208-DDP-RAOx<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PREJUDGMENT INTEREST**<br><br>[Dkt. 271] |

Presently before the Court is Plaintiffs' Motion for Judgment with Interest, Dkt. 271. Having considered the parties' submissions, the Court adopts the following order denying Plaintiffs' Motion for Prejudgment Interest. A separate Judgment shall issue.

**I. BACKGROUND**

The parties are familiar with the facts of the case so the Court will only briefly recount the facts that are pertinent to the present motion. On July 13, 2020, Plaintiffs Kimberly Banks and Carol Cantwell filed this class action challenging the labeling of Defendant R.C. Bigelow's ("Defendant" or "Bigelow") tea products. *See generally* Complaint, Dkt. 1. Plaintiffs alleged violations of the California Consumer Legal

Remedies Act ("CLRA"), California Business and Professions Code § 17533.7, California False Advertising Law, and California Unfair Competition Law, breach of express and implied warranties, fraud, negligent misrepresentation, and unjust enrichment. *See generally* First Amended Complaint, Dkt. 11. Plaintiffs sought class certification only as to the CLRA, breach of express warranty, and fraud claims, which the Court granted. *See* Dkt. 83.

The parties filed cross-motions for summary judgment. *See generally* Dkt. 129. The Court granted Plaintiffs' Motion for Summary Judgment on the deception/falsity and reliance/materiality elements common to all three claims. *Id.* Conversely, the Court denied Defendant's Motion for Summary Judgment on those elements as well as on knowledge/intent for fraud and damages. *Id.* Thus, the only issues remaining for trial were intent and damages. *Id.*

The parties tried the case before the jury. *See* Dkt. 264. On April 8, 2025, the jury returned a verdict in favor Plaintiffs, finding Bigelow liable under all three theories and awarding Plaintiffs $2,360,744 in compensatory damages. *Id.* However, the jury found that Plaintiffs had not proved the intent element of fraud by clear and convincing evidence to warrant punitive damages. *Id.*

Plaintiffs filed the instant motion for entry of judgment with interest requesting "that the Court enter judgment in favor of Plaintiffs and the Class and against Bigelow in the amount of the jury verdict of $2,360,744, plus prejudgment interest of $983,062 for a total Judgment of $3,343,806 (exclusive of post-judgment interest, attorneys' fees, costs, and class representative service awards)," and providing for post-judgment interest that begins to accrue from the date of entry of the Judgment.[1] Dkt. 271, Motion for Judgment

---

[1] Plaintiffs intend to request amendment of the Judgment once the Court rules on Plaintiffs' pending Motion for Attorneys' Fees and Costs and Service Awards. *Mot.* at 1:16–18. Plaintiffs request Judgment now "so that post-judgment interest begins to

2

with Interest ("*Mot.*"), at 5:14–19. Bigelow opposed only the request for prejudgment interest. Dkt. 272, Opposition to Motion for Judgment with Interest ("*Opp.*"). Plaintiffs replied. Dkt. 273, Reply in Support of Motion for Judgement with Interest ("*Reply*").

**II. LEGAL STANDARD**

California Civil Code Section 3287 governs the recovery of prejudgment interest. Cal. Civ. Code § 3287. Subsection 3287(a) provides that "[a] person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor from paying the debt." Cal. Civ. Code. § 3287(a). Subsection 3287(b) further provides that "[e]very person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed." Cal. Civ. Code § 3287(b). "[T]he distinction between the two subparts has to do with the nature of the damages—liquidated and unliquidated—for which interest may be awarded. . . ." *Lewis C. Nelson & Sons, Inc. v. Clovis Unified Sch. Dist.*, 90 Cal. App. 4th 64, 71 (2001).

An award of prejudgment interest under § 3287(b) is discretionary and the primary aim is "to balance the concern for fairness to the debtor against the concern for full compensation to the wronged party." *Hewlett-Packard Co. v. Oracle Corp.*, 65 Cal. App. 5th 506, 576 (2021) (*quoting Lewis C. Nelson*, 90 Cal. App. 4th at 69) (internal quotations omitted). "There is no authoritative list of criteria for courts to consider, and '[f]ew cases have discussed the standards by which a trial court's exercise of discretion under section 3287, subdivision (b) are to be judged.'" *Id.* at 577 (*quoting A&M Produce*

---

accrue and because a Judgment should be entered before post-judgment notice is provided to the class." *Id.* at 1 n. 1.

3

*Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 496 (1982)). "Although there is no clear rule that guides trial courts' discretion in this area, courts have taken into consideration the following factors when determining whether to exercise their discretion to award prejudgment interest: (1) the time between the lawsuit's filing and the judgment, (2) whether awarding interest will penalize the defendant for 'litigating a bona fide dispute' or recognize that the plaintiff incurred 'an additional amount of damage' as a result of the breach, and (3) whether the plaintiff made settlement offers such that the defendant's refusal could be construed as 'placing the prejudgment interest amount at risk.'" *Forouzan v. BMW of N. Am., LLC*, No. CV 17-3875-DMG (GJSx), 2019 WL 856395, at *3 (C.D. Cal. Jan. 11, 2019) (*quoting A&M Produce Co.*, 135 Cal. App. 3d at 497).

**III. DISCUSSION**

Plaintiffs assert that they are entitled to prejudgment interest under Cal. Civ. Code § 3287(b).[2] Defendant contends, as a preliminary matter, that § 3287(b) is inapplicable because "'California courts have not squarely decided whether,' warranty claims 'qualify as contract actions under Section 3287,'" quoting *Zomorodian v. BMW of North America, LLC,* No. CV 17-5061-DMG, 2019 WL 6534513 (C.D. Cal. July 23, 2019). *Opp.* at. 4:7–8 (emphasis omitted). However, Defendant swapped in "warranty claims" for the phrase "claims under the Song-Beverly Act" in the quoted text and in analyzing whether Song-Beverly Act claims qualify as contract claims for the purposes of § 3287(b), *Zomorodian* goes on to discuss *A&M Produce* in which the California Court of Appeals awarded prejudgment interest under Cal. Civ. Code § 3287(b) based on breach of express and implied warranties causes of action. However, even assuming arguendo that breach of express warranty in this context, a class action dispute regarding labeling in retail sales,

---

[2] To the extent Plaintiffs' motion seemed to indicate they were alternatively seeking prejudgment interest under Cal. Civ. Code § 3287(a), *Mot.* at 2:13–15, the reply clarifies that Plaintiffs are only pursuing prejudgment interest under subsection (b). *See Reply* at 1:19–21.

4

is a contract claim for the purposes of Cal. Civ. Code § 3287(b), the Court finds that prejudgment interest is not warranted in this case.

As discussed above, there is no exhaustive list of factors for determining whether to award prejudgment interest, but courts often consider the length of time from filing the complaint to entry of judgment, whether prejudgment interest would penalize defendant for litigating a bona fide dispute, or whether there were settlement offers that refusal could be understood to place prejudgment interest at risk. *See Forouzan*, 2019 WL 856395, at *3; *A&M Produce Co.*, 135 Cal. App. 3d 473. Plaintiffs argue that all three factors weigh in favor of an award of prejudgment interest. *See generally Mot*.

Plaintiffs argue that the nearly five years from the filing of the lawsuit in July 2020 to entry of judgment weighs in favor of prejudgment interest similar to *A&M Produce* where the California Court of Appeals found the roughly seven years of litigation supported an award of prejudgment interest. *See Mot.* at 3:7–9. Defendant argues that the parties only actively litigated the matter for approximately 26 months, making this case more akin to cases where roughly two and half years was found to be insufficient to support a prejudgment interest award. *See Opp.* at 5:3–6:7. Courts need not wade into the murky of waters of determining when the case was "actively" or "inactively" being litigated to assess this factor. However, the Court agrees with Defendant that how the years litigating the case were spent and the cause of any delay is relevant to assessing this factor. Here, that this case took five years to litigate was not due to any fault of Defendant. The Court's and the parties' schedules required certain hearings to be continued, and the Court spent several months considering and ruling on key motions in this case. *See* Dkts. 21, 22, 71, 83, 130, 135, 205. The parties also stipulated to a five to six month extension of the scheduling order deadlines in order to engage in additional mediation. Dkt. 85. Lastly, trial was continued roughly six months to allow Plaintiffs to conduct additional limited discovery. Dkts. 194, 205. Though five years is a significant

amount of a time for a case to be pending, the Court finds the reason for the delays and lack of fault on Bigelow's part more compelling in this case than the number of years.

Next, Plaintiffs argue that prejudgment interest would not penalize Defendant for litigating a bona fide dispute because "Bigelow did not have a bona fide dispute as evidenced by the Court's summary judgment order in favor of Plaintiffs and the Class." *Mot.* at 3:10–11.  Though the summary judgment order resolved several key liability issues in this case, it did not resolve all of the issues.  Intent for fraud and damages remained in dispute and were heavily litigated following the Court's summary judgment order.  At trial, Bigelow presented evidence regarding its intent in making the challenged label statements.  And Plaintiffs damages model was highly contested from the onset of litigation through trial.  *See* Dkts. 49, 52, 101, 151, 189.  Though damages are always somewhat uncertain when discussing 3287(b) given its focus on unliquidated damages, "highly contested and uncertain" damages can indicate a bona fide dispute.  *See Hewlett-Packard Co.*, 65 Cal. App. 5th at 575–76; *see also ACTA, A Member of the Alliance, Inc. v. Rhythm Pharmaceuticals, Inc.*, No. 2:22-CV-01127-CAS (GJSx), at *14 (C.D. Cal. Sept. 16, 2024).  The existence of a bona fide dispute revolving around "highly contested and uncertain" damages in this case is evidenced by the jury's award of $2,360,744, as opposed to the $3,266,679 proposed by Plaintiffs damages expert.  The Court wrestled with the issues in this case extensively, particularly issues regarding the damages model.  *See* Dkts. 190, 194, 226, 227.  Thus, prejudgment interest could function as a penalty to Bigelow for litigating a bona fide dispute.

Further, the Court does not find the rejected settlement offers grounds to warrant prejudgment interest in this case.  There is no dispute that the parties engaged in multiple mediation sessions, that Plaintiffs were open to the Court's offer to try to settle the matter before trial which Defendant declined, and Plaintiffs made settlement offers.  However, in a case such as this, where there is the possibility of punitive damages, the settlement offers could be potentially far greater than what the jury ultimately awarded.

6

To be certain, Plaintiffs need not rehash the entire settlement discussion history or argue why their offers were reasonable. However, Bigelow need not agree to any and all settlement offers in order to avoid prejudgment interest. Though the Court does not doubt that Plaintiffs made the settlement offers in good-faith, this is not enough to place prejudgment interest at risk and Bigelow should not be punished for its good-faith engagement in those settlement discussions.

Thus, after weighing the factors and balancing the concerns of fairness and just compensation, the Court finds that prejudgment interest is not warranted in this case.

**IV. CONCLUSION**

For the reasons stated above, Plaintiffs' Motion for Prejudgment Interest is DENIED. A separate judgment shall issue.

**IT IS SO ORDERED.**

Dated: May 29, 2025

_____
HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

7