**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

KIMBERLY BANKS and CAROL CANTWELL, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

R.C. BIGELOW, INC., a corporation; and DOES 1 through 10, inclusive,

Defendants.

CASE NO.: 2:20-cv-06208-SVW (RAOx)

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs Kimberly Banks and Carol Cantwell ("Plaintiffs") and Defendant R.C. Bigelow, Inc. ("Defendant" or "Bigelow") have entered into a Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Bigelow upon the terms and conditions set forth therein (the "Settlement Agreement").

The Court has before it Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). After reviewing the Motion, the Settlement Agreement and exhibits thereto, and good cause appearing, the Court hereby grants the Motion.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement, unless otherwise defined herein.

2. Plaintiffs, with Bigelow's consent, have moved the Court for an order approving the Settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the Parties, hereby preliminarily approves the Settlement subject to the Final Approval Hearing referred to in Paragraph 24 of this Order.

3. The Court has jurisdiction over the subject matter of this Action and over all Parties to the Action.

4. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class defined below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Class without the risks, burdens, costs, or delay associated with continued litigation. The Court also

finds that the Settlement Agreement: (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, and the U.S. Constitution; and (d) is not a finding or admission of liability by Bigelow or any other person(s), nor a finding on the merits of any claims asserted in the Action.

**Certification of the Settlement Class**

5. The Court previously certified a Class. ECF No. 83. The Court now reaffirms its class certification determination in the context of the Parties' settlement.

6. For purposes of settlement: (a) Aubry Wand of the Wand Law Firm, P.C. and Todd M. Schneider and Jason H. Kim of Schneider Wallace Cottrell Kim LLP are appointed Class Counsel for the Settlement Class; and (b) Plaintiffs are appointed Class Representatives for the Settlement Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Settlement Class Counsel and that Plaintiffs will adequately protect the interests of the Settlement Class defined below.

7. For purposes of settlement, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> All natural persons who purchased at least one 18/20 count box of Bigelow Earl Grey Black Tea Caffeine, Green Tea Caffeine, Constant Comment Black Tea Caffeine, Green Lemon Tea Caffeine, Vanilla Chai Black Tea Caffeine, English Tea Time Black Tea Caffeine, Spiced Chai Black Tea Caffeine, French Vanilla Black Tea Caffeine, or Vanilla Caramel Black Tea Caffeine, labeled as "Manufactured in the USA 100% American Family Owned," at a retail store in the state of California, at any time from October 17, 2017 to July 31, 2023.
>
> Excluded from the Settlement Class are: (a) Bigelow and Released Parties, (b) distributors and retailers of the Class Products, (c) the Court and its staff, (d)

the Mediator and his staff, (e) counsel of record for the Parties and their immediate family members, and (f) all Persons who timely and properly exclude themselves from the Settlement Class.

8. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 24 below, that, within the context of and for the purposes of settlement, the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of fact and law common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; (d) common questions of law or fact predominate over questions affecting individual members; and (e) a class action is a superior method for fairly and efficiently adjudicating the Action.

**Notice and Administration**

9. The Court approves the Notice Plan set forth in the Settlement Agreement, and finds that it is reasonably calculated to, under all circumstances, apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. The Court also finds that the Notice Plan is the best notice practicable under the circumstances and that it complies fully with the requirements of the Federal Rules of Civil Procedure and Due Process.

10. The Parties have jointly selected a reputable settlement administration company, JND Legal Administration ("JND"), to serve as the Settlement Administrator. The Court hereby appoints JND to be the Settlement Administrator and authorizes it to perform and execute the notice and administration responsibilities set forth in the Settlement Agreement.

11. The Court approves as to form and content the Electronic and Paper Claim Forms and all forms of Notice to the Settlement Class (Direct Notice, Long Form Notice, and Summary Notice), attached as Exhibits to the Settlement Agreement.

12. The Parties, without further approval from the Court, are permitted to revise the Claim Forms and forms of Notice to the Settlement Class identified in Paragraph 11 above in ways that are appropriate to update those documents for purposes of accuracy or formatting, so long as they are consistent in all material respects with the Settlement Agreement and this Order.

**Submission of Claims**

13. Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a timely and valid Claim Form in accordance with the instructions contained therein and as described in the Notice and Settlement Agreement. All Claim Forms must be postmarked or electronically submitted on or before the Claim Deadline.

14. Any Class Member who does not submit a timely and valid Claim Form shall be barred from receiving any monetary payment under the Settlement.

**Requests for Exclusion**

15. Class Members may exclude him or herself or "opt out" from the Settlement Class by submitting a Request for Exclusion on or before the Objection/Exclusion Deadline that complies with the exclusion procedures set forth in the Settlement Agreement.

16. Class Members who fail to submit a valid and timely Request for Exclusion shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including the Final Judgment (if issued) and the Release provided for therein, regardless of whether they submitted a Claim Form.

17. Class Members who submit a valid and timely Request for Exclusion shall: (a) not be bound by the terms of the Settlement; (b) shall not be entitled to any of its benefits; and (c) cannot object to the Settlement or otherwise appeal or comment on the Settlement.

18. If a Class Member submits both a valid and timely Request for Exclusion and an Objection, the Request for Exclusion shall control. If a Class member submits both a valid Claim Form and a Request for Exclusion, the Claim Form shall control.

**Objections and Appearances**

19. Any Class Member who does not submit a valid and timely Request for Exclusion may object to the fairness, reasonableness, or adequacy of the Settlement by filing an Objection with the Court on or before the Objection/Exclusion Deadline.

20. Class Members shall file any Objections with the Court by: (a) mailing them to the Clerk of Court, United States District Court for the Central District of California, 350 West 1st Street, Los Angeles, CA 90012; or (b) filing them in person at any location of the United States District Court for the Central District of California or via the ECF electronic filing system.

21. To validly object, the Objection must comply with the objection procedures set forth in the Settlement Agreement, and must contain: (a) a caption or title that identifies it as "Objection to Class Settlement in *Banks v. R.C. Bigelow, Inc.*, No. 2:20-cv-06208-SVW (RAOx)" or similar language that makes it clear that the Person is objecting to this Settlement; (b) information sufficient to identify and contact the objecting Class Member, including name, address, telephone number, and, if available, email address, and if represented by counsel, the foregoing information for his/her counsel; (c) information sufficient to establish the Person's standing as a Class Member (e.g., Proof of Purchase or verification under penalty of

perjury as to the Person's purchase of a Class Product); (d) a clear and concise statement of the factual and legal grounds for the Objection; (e) whether the Objection applies only to the Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (f) whether the Class Member, or his/her counsel, intends to appear at the Final Approval Hearing; and (g) the Class Member's signature, in addition to the signature of his/her attorney, if any.

22. Class Members who fail to file a valid and timely Objection in compliance with the requirements of the foregoing paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to any aspect of the Settlement.

23. The Parties shall file any response to any Objection no later than 7 calendar days prior to the Final Approval Hearing.

**Final Approval Hearing**

24. The Final Approval Hearing shall be held before this Court in Courtroom 10A at the Felicitas and Gonzalo Mendez United States Courthouse, located at 350 W 1st St, Los Angeles, CA 90012, to determine: (a) whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a final judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of the Fee Award to Class Counsel; (d) whether to approve the payment of the Class Representative Service Awards to the Class Representatives; (e) whether to approve the payment of the Settlement Notice and Administration Costs to the Settlement Administrator; and (f) whether to approve distribution of the Settlement Benefits to the Class.

25. Plaintiffs shall file their Motion for Final Approval no later than 28 calendar days before the Final Approval Hearing and they shall file any

supplemental briefing in support of their Fee Application no later than 35 calendar days before the Objection/Exclusion Deadline. Plaintiffs shall file a declaration from the Settlement Administrator attesting to its final costs no later than 7 calendar days prior to the Final Approval Hearing.

26. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement.

**Related Orders**

27. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

28. If the Settlement Agreement is not approved by the Court in accordance with its material terms, each Party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the Parties will retain all rights as if the Settlement Agreement was never agreed upon and all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding.

**Implementation Schedule**

29. The Court sets the following settlement implementation schedule:

| Event | Date |
|---|---|
| Deadline to commence Notice to the Class | October 27, 2026 (21 days after preliminary approval) |

| | |
|---|---|
| Completion of Notice Plan | December 8, 2026 (6 weeks after Notice commences) |
| Deadline to File Fee Application | December 3, 2026 (35 days before Objection/Exclusion Deadline) |
| Objection/Exclusion Deadline | January 7, 2027 (30 days after Notice Plan is completed) |
| Claim Deadline | February 8, 2027 (60 days after Notice Plan is completed) |
| Deadline to Complete Claim/Fraud Review | March 10, 2027 (30 days after Claim Deadline) |
| Deadline to File Motion for Final Approval | April 19, 2027 (28 days before Final Approval Hearing) |
| Deadline to file declaration from Settlement Administrator attesting to its final costs / Deadline to Respond to Any Objections | May 10 2027 (7 days before Final Approval Hearing) |
| Hearing on Motion for Final Approval | May 17, 2027 at 1:30 p.m. (28 days after filing of Motion for Final Approval) |

**IT IS SO ORDERED.**

DATED: October 5, 2026

Honorable Stephen V. Wilson
United States District Judge